**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BURT EUDEL RICHARDS, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:15-CV-1116-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Burt Eudel Richards, confined in the Fulton County Jail in Atlanta, Georgia, has submitted a *pro se* civil rights complaint. By separate Order, Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, as amended [1, 9], for screening under 28 U.S.C. § 1915A.

## I. 28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171,

1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint.  Johnson v. City of Shelby, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  Bingham, 654 F.3d at 1175.  Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359,

2

1369 (11th Cir. 1998)) (internal quotation marks omitted), <u>cert. denied</u>, _ U.S. _, 135 S. Ct. 759 (2014).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. <u>Bingham</u>, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. <u>See</u> 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.   **Discussion**

Plaintiff brings this civil rights action against the State of Georgia, the Fulton County Jail, and the Public Defenders Office. (Compl. ¶ III, ECF No. 1).[1] Plaintiff alleges the following.[2] (<u>Id.</u> ¶ IV and Attach. at 1-2). Plaintiff is a pre-trial detainee,

---

[1] Plaintiff filed two complaints. The second one is essentially identical to the first one and is not separately addressed. (<u>See</u> Compl. Copy, ECF No. 1-1).

[2] Plaintiff alleges that the main people to blame are Olutu on the first floor; Stradford, Wright, Antwoine, and Shorty on the second floor; a white male and middle-age female sergeant on the third floor; and Murray and Spence on the seventh floor. (Compl. ¶ IV). Plaintiff also describes the alleged violations by floor, and the Court construes his allegations to correlate with his list of people to blame.

who is being denied a speedy trial.[3]  On the first floor of the Fulton County Jail, Plaintiff became hypothermic three times, i.e., his toes turned blue, and he begged Olutu for three days to move him to a different cell.  On the second floor, guards Stradford, Wright, Antwoine, and Shorty use prisoners to intimidate and control other prisoners.  After an inmate harassed Plaintiff, the guards locked Plaintiff up and gave him his food tray one hour later than everyone else.  Plaintiff has been denied his food tray three times.  Five times, persons from the commissary – who are supervised by Stradford and who are culturally biased against Plaintiff because he is Caribbean – have failed to give Plaintiff his commissary items, although they have given other prisoners their items.  (Id.).

Guards on the third floor placed Plaintiff in a cell with human feces on the walls.  Additionally, although Plaintiff had ten stitches in his left foot and used crutches, a third floor guard removed his crutches and required that he walk down the stairs on his injured foot.  (Id.).  Further, Stradford, Wright, Antwoine, Shorty, the two guards on the third floor, Murray, and Spence have all harassed Plaintiff.  (Id., Attach. at 2).  In his amendment, Plaintiff also contends that on June 7, 2015, Officer Antwoine

---

[3]If Plaintiff wishes to pursue his constitutional right to a speedy trial, he should do so in a federal habeas corpus action after he has exhausted his state remedies for a speedy trial.

4

handcuffed him, slammed him on the concrete, and stomped on his back with his combat boot. (Letter, ECF No. 9). Plaintiff seeks damages and injunctive relief. (Compl. ¶ V).

As to the exhaustion of his administrative remedies, Plaintiff states that the Fulton County Jail has a grievance procedure and that he has not attempted to use that procedure. (Id. ¶ II). Plaintiff explains that "filing a lawsuit" was his reason for not pursuing an administrative remedy. (Id.).

### A.     The State, Jail, and Public Defenders Office

Plaintiff fails to state a claim against any of the named defendants – the State, the Fulton County Jail, or the Public Defenders Office. The State of Georgia is not a "person" subject to suit under § 1983. GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989)) (internal quotation marks omitted), cert. denied, _U.S. _ , 133 S. Ct. 856 (2013). The Fulton County Jail is not an entity amenable to suit. See Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that "County Jail is not an entity capable of being sued under Georgia law"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally

5

are not legal entities subject to suit). Further, Plaintiff alleges no non-traditional action by a public defender, and "[p]ublic defenders do not act under color of state law for purposes of section 1983 'when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Wusiya v. City of Miami Beach, No. 14-15323, 2015 WL 3484326, at *2 (11th Cir. June 3, 2015) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)).

Plaintiff did not name any additional defendants. (See Compl. ¶ III). To the extent that Plaintiff's list of officers that should be blamed, (id. ¶ IV), could be construed to name additional defendants, his claims fail based on lack of exhaustion, as discussed below.

### B.   **Exhaustion of Administrative Remedies**

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] prisoner must exhaust all available administrative remedies before bringing a federal action challenging prison conditions." Parzyck v. Prison Health Servs. Inc., 627 F.3d 1215, 1217 (11th Cir. 2010); see also McDaniel v. Crosby, 194 F. App'x 610, 613 (11th Cir. 2006) ("To the extent [plaintiff] relies upon the

[administrative] grievances and appeals he submitted after filing his initial complaint, such grievances and appeals cannot be used to support his claim that he exhausted his administrative remedies, because satisfaction of the exhaustion requirement was a precondition to the filing of his suit, and, thus, must have occurred before the suit was filed."). Although lack of exhaustion is an affirmative defense and a prisoner is not required to plead exhaustion in his complaint, dismissal under § 1915A(b) is proper when "lack of exhaustion appears on the face of the complaint."[4] Cole v. Sec'y Dep't of Corr., 451 F. App'x 827, 828 (11th Cir. 2011) (citing Jones, 549 U.S. at 214-16); Bingham, 654 F.3d at 1175 (same). Under § 1997e, "[a] district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies." Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

Plaintiff freely states that the Fulton County Jail has a grievance procedure, that he has taken no steps to utilize that procedure, and that filing a lawsuit was his reason for not doing so. This action should be dismissed without prejudice as it is apparent

---

[4]Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008) ("[T]he conclusion that exhaustion is not a pleading requirement 'is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim.'" (quoting Jones v. Bock, 549 U.S. 199, 921 (2007))).

7

from the face of his complaint that Plaintiff has not exhausted or even attempted to exhaust his administrative remedies before filing suit.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim against any named defendant.

**IT IS FURTHER RECOMMENDED** that, to the extent Plaintiff intended to name as defendants the list of officers that he provides in his claims, his claims against those officers should be **DISMISSED** without prejudice for lack of exhaustion.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 9th day of July, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE