IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BURT EUDEL RICHARDS,

          Plaintiff,

v.

STATE OF GEORGIA, FULTON
COUNTY JAIL, and PUBLIC
DEFENDER'S OFFICE,

          Defendants.

1:15-cv-1116-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [10], following her review of Plaintiff Burt Eudel Richards's ("Plaintiff") *pro se* Civil Rights Complaint [1] pursuant to 28 U.S.C. § 1915A.[1]

**I.    BACKGROUND**

On April 10, 2015, Plaintiff, then an inmate at the Fulton County Jail in Atlanta, Georgia, filed his Complaint asserting claims under 42 U.S.C. § 1983 against Defendants Fulton County Jail (the "Jail"), the State of Georgia, and the "Public Defenders [sic] Office." Although not named as defendants, Plaintiff also

---

[1] Plaintiff asserts claims in his Complaint [1] and Letter to the Court [9]. In light of his *pro se* status, the Court construes these documents together, and as a whole.

appears to assert claims against several unidentified officers for alleged violations of his civil rights.[2]

Plaintiff, in his Complaint, alleges that he is a pre-trial detainee and is being denied a speedy trial. He asserts that, on the first floor of the Jail, he became hypothermic three times, causing his toe to turn blue. According to Plaintiff, he begged Olutu for three (3) days to move him to a different cell, but he was never relocated. Plaintiff also alleges that, on the second floor of the Jail, the Jail guards Stadford, Wright, Antwoine, and Shorty used prisoners to "control" and "intimidate" other prisoners. He also claims that he was harassed by another inmate, and that "the guards locked [him] up in [his] cell then fed the other prisoners and did not [give] him his food." (Compl. ¶ 4). After the harassment incident, Plaintiff alleges that he received his food tray one hour after his fellow inmates. He claims that the guards denied him his food tray three times and that the "commissary people," who are supervised by Stadford, denied him his commissary items because he is Caribbean, even though they gave other prisoners their commissary items.

---

[2] Plaintiff asserts that "the main people to blame" are Olutu on the first floor of the Jail, Stadford, Wright, Antwoine, and Shorty on the second floor; a white male and middle-age female sergeant on the third floor; and Murray and Spence on the seventh floor. (Compl. ¶ 4). The Magistrate Judge construed Plaintiff's allegations occurring on the Jail floors to correlate with this list of people he "blame[s]."

Plaintiff alleges further that, on the third floor, the guards placed him into a cell with human feces on the walls and that he had ten stitches in his left foot and used crutches for this injury.  According to Plaintiff, a guard on the third floor removed his crutches and forced him to walk down the stairs on his injured foot.  He alleges further that, on June 7, 2015, Officer Antwoine handcuffed him, slammed him onto the concrete, and stomped on his back with his combat boot.  (See [9]).  Plaintiff seeks damages, injunctive relief, and requests that the officers "not taunt, provoke, and or [sic] harass [him] physically [and] verbally."  (Compl. ¶ 5).

Plaintiff also acknowledges that the Jail has a grievance procedure, and admits that he has not taken any steps to utilize that procedure or to exhaust his administrative remedies because he is "filing a lawsuit" and "think[s] finding an external place to file [his] Complaint will be more effective [than the grievance procedure]."  (Compl. ¶ 2; [1.1] at 3).

On May 15, 2015, Magistrate Judge King granted Plaintiff leave to proceed *in forma pauperis*.

On July 10, 2015, the Magistrate Judge issued her R&R, and recommended that this action be dismissed because the State of Georgia and the Jail are not legal entites that may be sued, and Plaintiff fails to allege that a Fulton County public

defender conspired with a state actor or acted under the "color of state law." Finally, the Magistrate Judge found that even if Plaintiff's amendments to his Complaint could be construed as asserting individual claims against his "list of officers to blame," this action would still be subject to dismissal because Plaintiff has not exhausted his administrative remedies.

Plaintiff did not file objections to the R&R.[3]

## II.  DISCUSSION

### A.  Legal Standard

#### 1.  Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

---

[3]   The Court notes that, on September 18, 2015, Plaintiff submitted a letter [13] to the Clerk of Court requesting that the Court allow him to "amend two [of his cases] pending" before the Court.  On May 15, 2015, Plaintiff initiated a separate civil rights action, No. 15-cv-1719, against "Goodfella's Restaurant Employees" and the Atlanta Police, which remains pending in this Court.  After a thorough review of the record, the Court concludes that the allegations Plaintiff asserts in No. 15-cv-1719 are unrelated to the claims that he asserts in this action.  In the letter, Plaintiff asserts that "[d]ue to the pending cases, [he] is experiencing hardship . . . attaining employment."  (See [13]).  Nothing in the letter suggests, and Plaintiff does not assert, that he is seeking leave to amend his Complaint to remedy the deficiencies discussed in the R&R.  The Court notes that dismissal of this action does not affect whether Plaintiff can assert a viable claim in any other action, including No.15-cv-1719.

v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Plaintiff did not object to the R&R, the Court reviews the R&R for plain error.

2. Review for Screening Prisoner Civil Rights Actions

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous. 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived

5

him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

    B.    Analysis

The Magistrate Judge found that the State of Georgia is not a "person" subject to suit under Section 1983 and that a facility, such as the Jail, is not a legal

entity amenable to suit.  See GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989)), cert. denied, _U.S. _, 33 S. Ct. 856 (2013) ("The State of Georgia…is not a 'person' subject to suit under § 1983"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992); Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ( "…County Jail is not an entity capable of being sued under Georgia law").  The Magistrate Judge found further that, absent an allegation that a public defender conspired with one or more state officials to violate his claimed rights, "[p]ublic defenders do not act under color of state law for purposes of section 1983 'when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"  Wusiya v. City of Miami Beach, 614 F. App'x 389, 392 (11th Cir. 2015).[4]  The Court finds no plain error in these findings.

To the extent Plaintiff intends to assert Eighth Amendment claims against Olutu, Stradford, Wright, Antwoine, Shorty, a white male, a middle-aged female sergeant, Murray, and Spence—individuals he does not name as defendants—the

---

[4]  The Court notes that Plaintiff does not assert any factual allegations or claims against the Fulton County Public Defender's Office, and even if he did, "[t]he 'office' of the public defender, like a county 'police department,' is not a legal entity subject to suit under § 1983." Odum v. Bulloch Cty. Pub. Def.'s Office, No. CV606-045, 2006 WL 1982916, at *1, n.1 (S.D. Ga. July 13, 2006) (citing Lovelace v. DeKalb Ctr. Prob., 144 F. App'x 793, 795 (11th Cir. 2005)).

Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint and that this failure to exhaust his administrative remedies precludes Plaintiff from challenging his prison conditions in this Court.  See 42 U.S.C. § 1997e(a); Parzyck v. Prison Health Serv. Inc., 627 F.3d 1215, 1217 (11th Cir. 2010); Cole v. Sec'y Dep't of Corr., 451 F. App'x 827, 828 (11th Cir. 2011) (citing Jones v. Bock, 549 U.S. 199, 214-16 (2007)) (explaining that because lack of exhaustion is an affirmative defense, a prisoner is not required to plead exhaustion in his complaint but dismissal of a complaint under Section 1915A(b) is proper "if lack of exhaustion appears on the face of the complaint"); Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008) (quoting Jones, 549 U.S. at 921) ("[T]he conclusion that exhaustion is not a pleading requirement 'is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim'"); Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004) ("A district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies.").

The Court has reviewed the record in this case and, finding no plain error, adopts the findings and recommendations in the R&R.[5]

---

[5]    To the extent that Plaintiff intends to challenge the legality of his confinement, the Court notes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [10] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this 8th day of January, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

immediate or speedier release, even though such a claim may come with the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994).